IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 0 8 2002

CLERK

PETER EICHENBERG
Plaintiff,

vs.                                                          CIV 02-0596 ELM/LCS

PRESBYTERIAN HEALTHCARE SERVICES,
a New Mexico Corporation

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on Defendant's Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Having reviewed the moving papers, I find the Motion to Dismiss should be DENIED. However, Plaintiff will be allowed to file an Amended Complaint alleging the necessary facts to clearly state a claim under the Fair Credit Reporting Act as further explained in this Opinion.

### BACKGROUND

The Complaint alleges that the Plaintiff, Peter Eichenberg, was insured by a Presbyterian Healthcare Services insurance policy which included coverage for anesthesia and anesthesia services. Mr. Eichenberg had surgery at a local hospital but his insurance company, the

1



Defendant, failed to pay the anesthesia bill from Anesthesia Associates of New Mexico, P.C.. Some time later, Mr. Eichenberg applied for a home equity loan which was denied. Investigating why his loan application had been denied, Mr. Eichenberg discovered the unpaid bill and collection agency information on his credit report from Equifax Credit Information Services. Mr. Eichenberg contacted the Defendant who admitted the anesthesia bill should have been paid and told the Plaintiff that the erroneous information would be corrected on his credit report immediately. Approximately seven months later, the anesthesia bill was paid. However, despite numerous contacts to the Defendant, the erroneous information on Plaintiff's credit report was not corrected until approximately a year after the anesthesia bill was paid. Plaintiff is alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 to 1681(v) and the tort of defamation.

## STANDARD OF REVIEW

The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff. *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12 (b)(6) motion should not be granted unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton, supra* at 1236 (internal quotation marks and citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail but whether the

plaintiff is entitled to offer evidence in support of his or her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

Plaintiff has brought his federal law claim under the Fair Credit Reporting Act, 15 U.S.C. §1681. The majority of the Fair Credit Reporting Act concerns the responsibilities and liabilities of consumer reporting agencies. Consumer reporting agencies are defined in 15 U.S.C. §1681a (f). It is undisputed that Defendant Presbyterian Healthcare Services is not a consumer reporting agency.

Only §1681s-2 of the Act concerns the responsibilities of furnishers of information to consumer reporting agencies. While not defined in the Act, it has been presumed by other courts that furnishers of information are by common sense, "an entity ... which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA and TansUnion." *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496, 501 (W. D. Tenn. 1999).

15 U.S.C. § 1681s-2 contains two sections defining the duties of furnishers of information to consumer reporting agencies - (a) and (b). Only the latter section, (b), supports a private cause of action by a consumer against a furnisher of information to a consumer reporting agency. 15 U.S.C. §1681s-2 (a) is exclusively enforced by Federal agencies and officials and state officials, §1681s-2 (d), but §1681s-2 (b) has no such limitation. *See, e.g., DiMezza v. First USA Bank*, 103 F. Supp, 1296, 1300 (D. N.M. 2000) The majority of courts which have analyzed this statute and reviewed the legislative history have come to the conclusion that a

consumer may bring a private right of action against a furnisher of information as long as the statutory requirements of §1681s-2(b) are pled. *Olexy v. Interstate Assurance Company*, 113 F. Supp.2d 1045,1047-48 (S.D. Miss. 2000). The Defendant Presbyterian Healthcare Services has argued that the Complaint, as presently drafted, fails to allege the necessary facts to state a cause of action under this section, or any section, of the Fair Credit Reporting Act

A cause of action by a consumer against a furnisher of information to a consumer reporting agency pursuant to §1681s-2(b) concerns a dispute over information which had previously been provided to a consumer reporting agency which, after notification of the dispute, was not investigated properly or which was not resolved in a timely fashion. To fall within the statute and its private cause of action, the plaintiff must first allege that the defendant is a "furnisher of information to a consumer reporting agency" and secondly, that the furnisher of information must have received notice of the dispute in issue from a consumer reporting agency. Once having received notice of the dispute pursuant to §1681i(a)(2), the furnisher of the information had certain statutory duties which had to be fulfilled within a certain time. §1681s-2(b)(1) and (2).

None of those factual allegations appear in the Complaint. Defendant has argued in its Motion that it did not provide information concerning the Plaintiff and the unpaid debt to a consumer reporting agency and therefore it is not a "furnisher of information to a consumer reporting agency". Hence, the Defendant argues, the Fair Credit Reporting Act does not apply to it and the Complaint fails to state a cause of action upon which relief can be granted.

The Complaint however does contain allegations which, with all inferences drawn in favor of the non-moving party, <u>may</u> state a cause of action pursuant to 15 U.S.C. §1681s-2(b).

4

Rather than speculate on the role which Defendant played in this matter, I will allow the Plaintiff to amend his Complaint to allege facts which will state a claim against the Defendant under §1681s-2(b) of the Fair Credit Reporting Act.

## CONCLUSION

The Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted is DENIED. However, the Plaintiff will be allowed to file an Amended Complaint to allege facts which will clearly state a cause of action against the Defendant under the Fair Credit Reporting Act.

SENIOR UNITED STATES JUDGE